UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:07cr0051 AS |
| ) | |
| BRANDON M. LOTTIE (01), and ) | |
| JOHNNY D. TINKER, (02) ) | |

*MEMORANDUM, OPINION AND ORDER*

In this case as to these two defendants, United States Magistrate Judge Christopher A. Nuechterlein entered separate orders of detention each as to the defendant, Brandon M. Lottie and Johnny D. Tinker on May 11, 2007. This court held a detention hearing in open court with defendants present along with their respective counsel on June 6, 2007, and gave follow-up time for the filing of briefs which has now been done. Basically in that proceeding, the government heard the evidence of veteran police officer Radican. This court also has the benefit of a transcript of that hearing. The court has also examined pretrial services reports as to each defendant as to the defendant Tinker, the pretrial services report indicates that there is no condition or combination of conditions to reasonably assure the defendant's appearance or the safety of others in the community. The pretrial services report as to Brandon Michael Lottie is slightly more generous, and this court now incorporates fully the recommendation of Pretrial Services Officer Reed in its June 5, 2007 report as follows:

> In consideration of the defendant's risk of non-appearance and danger, it appears the defendant may be a suitable candidate for release. Therefore, it is recommended that he be released on the following conditions:

- Release on a $20,000 unsecured bond;
- Report to U.S. Pretrial Services as required and follow all instructions;
- Not possess a firearm or dangerous weapon;
- Submit to random testing for substance abuse at the discretion and direction of U.S. Pretrial Services
- Travel restricted to the Northern District of Indiana.

This court also has before it a number of petitions and communications acting on behalf of these defendants.

Basic statutory guidance here is under 18 U.S.C. §1341 and §1342. It is not disputed that the charges involved in these two defendants are subject to the rebuttable presumption under 18 u.S.C. §3142(e). It is correct that presumption creates a burden of production, not a burden of persuasion. *See United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986), and *United States v. Portes*, 786 F.2d 758 (7th Cir. 1985). It is of no small moment that the counts in the indictment carry a mandatory minimum of five years imprisonment and provide further for up to 40 years imprisonment. The mandatory nature of the charges cannot be gainsaid here. In reality, the elephant in the living room of this case is clearly the <u>amount</u> of cocaine, and the court fully realizes that this is not a crack cocaine case, but, nonetheless, the amount of cocaine is very substantial for this area. Obviously, these defendants have the constitutional protection of the presumption of innocence and the requirement that in a trial of this case, the government must prove these charges against the defendants by evidence beyond a reasonable doubt. All of that is understood. Notwithstanding that, the factual presentation here with regard to the criminality of these defendants raises very serious questions about dangerousness to the community as well as whether they would be available

2

for trial. This court is fully aware of the different burdens on these issues as outlined in *Portes*.

Notwithstanding the able presentations by counsel for these two defendants, this court is constrained to determine as to both defendants that there is indeed no arrangement short of detention that will ensure their presence for trial and to protect the community from dangerous criminal conduct. For these reasons as to both defendants, they will be detained pending trial under circumstances where they can privately and fully confer with their respective counsel. Such detention is now **ORDERED**. **IT IS SO ORDERED**.

**DATED:** June 20, 2007

                                                              **S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**